**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

QUINCY DAWKINS,

Plaintiff,

v. Case No.: 3:26-cv-1897-WWB-LLL

ACOSTA EMPLOYEE HOLDCO, LLC
and PREMIUM RETAIL SERVICES,
LLC,

Defendants.
_____________________________________/

**ORDER**

THIS CAUSE is before the Court on Defendants' Motion to Partially Dismiss Plaintiff's Complaint (Doc. 13). Therein, Defendants argue that Counts III through XII of the Complaint (Doc. 3) should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

Pursuant to Rule 12(b), motions asserting any of the defenses listed in Rule 12(b)(1) through (7) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Once an answer to a complaint is filed, any Rule 12(b) motion to dismiss is rendered a nullity. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 971 n.6 (11th Cir. 2002) ("After answering the complaint, the defendants filed Rule 12(b)(6) motions to dismiss the plaintiffs' claims. Under Rule 12(b), these motions were a nullity; by filing an answer, the defendants had eschewed the option of asserting by motion that the complaint failed to state a claim for relief."); *see also Doolin v. Borg Warner Corp.*, No. 3:16-cv-778-J, 2017 WL 10841697, at *1–2 (M.D. Fla. Oct. 17, 2017).

Defendants have filed an Answer (Doc. 12). Therefore, any motion to dismiss pursuant to Rule 12(b)(6) is improper. Accordingly, it is **ORDERED** and **ADJUDGED** that Defendants' Motion to Partially Dismiss Plaintiff's Complaint (Doc. 13) is **DENIED as moot**. On or before **August 18, 2026**, Defendants may file an amended answer to substantively respond to Counts III through XII.

**DONE AND ORDERED** in Jacksonville, Florida on August 4, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record